McIver, Administrator, Respondent, vs. Williams, Appellant.

*November 17 — December 6, 1892.*

*Sale of chattels: When title passes.*

Where chattels are delivered by the owner to another on trial only, with the right to purchase them at a stated price in cash if found satisfactory, the title does not pass until payment is made or waived.

APPEAL from the Circuit Court for *Milwaukee* County.

Replevin for a span of horses, harnesses, and a wagon. The property was originally owned by the defendant *Williams*. One Thiele, plaintiff's intestate, in his lifetime, negotiated with *Williams* for the purchase of the property, and obtained possession of the same by virtue of such negotiations. It was claimed by plaintiff on the trial that Thiele in fact purchased the outfit for the agreed price of $400, and that he was to have a few days' time to pay the purchase price. On the other hand, it was claimed by *Williams* that the price was agreed on in case of purchase, but that possession of the property was given by *Williams* to Thiele for the purpose of trial only for two days, which time *Williams* subsequently extended for another day. Thiele in fact kept the horses five days, paid no part of the purchase price, and *Williams* on the fifth day retook the property from the possession of Thiele's son, who was driving the team. Thiele brought replevin, and, upon his death before trial, *McIver*, his administrator, was substituted as the party plaintiff. The court directed a verdict for plaintiff, upon which judgment followed, and defendant appealed.

*J. M. Clarke,* for the appellant, cited 3 Am. & Eng. Ency. of Law, 429; 2 Kent, Comm. (13th ed.), 729; *Hunter v. Warner,* 1 Wis. 126; Benjamin, Sales (4th Am. ed.), sec. 320.

*J. A. Eggen,* for the respondent, cited *Martin v. Adams,* 104 Mass. 262; Benjamin, Sales, sec. 595.

WINSLOW, J. In order to justify the direction of a verdict for plaintiff, the court must have concluded that the uncontradicted evidence showed that there had been a sale of the horses and wagon upon credit, which had become absolute at the time of the recaption of the property by defendant. In this, we think, he was mistaken. The defend-

McIver vs. Williams.

ant gave his version of the transaction at length, and we think that a jury would be entirely justified in finding therefrom that no sale upon credit was in fact made, but that defendant simply allowed the intestate to take the horses a few days to try them, and agreed that in case they were satisfactory after such trial Thiele might purchase the entire property for $400 in cash. If this was in fact the agreement, the defendant was entitled to retake the property as he did, because payment would be a condition precedent, or at least concurrent, and the right of property would not pass until payment was made or waived, even though a delivery of the property, upon trial only, had been made. The defendant was entitled to have this question submitted to the jury.

It appears that Thiele was garnished by several persons, as a debtor of *Williams*, on the day before *Williams* took possession of the horses, but that *Williams* was not served with process until several days afterwards. There is nothing in the record to show whether the garnishee actions referred in any way to an indebtedness supposed to arise from a purchase of the horses, or in fact whether the actions ever went to judgment. We cannot consider what the effect might be if in fact they did go to judgment against Thiele.

*By the Court.*— Judgment reversed, and cause remanded for a new trial.